# CIRCUIT COURT OF BALTIMORE CITY.

Filed November 16, 1907.

## AMELIA BAUERSFELD SCHNEIDER
VS.
## LOUIS F. SCHNEIDER.

*Roger W. Cull* and *Armstrong Thomas* for complainant.
*Charles R. Schirm* for respondent.

ELLIOTT, J.—

The bill filed in this case is brought by the wife against the husband for a divorce a vinculo matrimonii on the ground of an abandonment which has continued for at least three years and is deliberate and final.

An answer has been filed by the husband alleging that he could not live peaceably with his wife because he would be subjected to annoyance, abuse and humiliation, and he offers this as an excuse for the fact that leaving his said wife on the twelfth of September, 1903, he has never since then returned to live with her. In a subsequent paragraph of his answer the respondent alleges that he is now a man well up in years, and for about a year has been unable to earn a livelihood; that he is now a resident of a fraternal home in Virginia, and is without funds to defend this suit. He alleges, however, on the other hand, that his wife is well provided with this world's goods, and owns several valuable pieces of property in the city of Baltimore.

It is therefore evident that there is no practical issue in this case between the parties, as to the fact of a complete separation between the husband and wife, which is deliberate on his part and has continued for more than three years.

The testimony which has been offered establishes the fact that while living together these parties did not enjoy that measure of peace and happiness which is generally supposed to characterize congenial marriages and the husband appears to have been the principal transgressor.

It is, in fact, impossible to believe but that the separation of September 12, 1903, was brought about by a difference between the couple and the husband went off in a pout, from which he has not since recovered. It is therefore impossible to conclude otherwise than that when the respondent left his wife he did so with an intention of remaining away, in which intention he has so far persisted that he has actually entered a fraternal home in an adjoining State, and has conducted himself as if the plaintiff had no marital rights in him whatever.

It is really surprising under the circumstances of this case to find that the respondent makes any objection to the legal loosening of these bonds, which he has himself set at naught But the apparent explanation comes upon the perusal of that part of his answer where he suggests that his wife is well provided with this world's goods and owns several pieces of valuable property. For I cannot but believe that it is the condition of affairs which would exist after the death of his wife, with him still living, rather than the anticipated enjoyment of his wife's society, which impels the respondent to object to the divorce, and I must confess to some lack of sympathy with the husband who endeavors to escape the frailties of a living wife but is willing to avail himself of the benefits possible to accrue to him from a dead one.

I think the wife in this case is entitled to a divorce and will sign a decree to that effect.